# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON BELL,<br><br>          Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>          Defendant. | 1:04cv5216 OWW DLB<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR FEES<br><br>(Document 15) |

Petitioner Terry LaPorte ("Counsel"), attorney for Plaintiff Aaron Bell ("Plaintiff"), filed the instant petition for fees on September 25, 2007. Counsel requests fees in the amount of $6,475.00 pursuant to 42 U.S.C. § 406(b)(1). The petition has been referred to the undersigned for Findings and Recommendation to the District Court.

## BACKGROUND

Plaintiff filed his social security complaint on February 2, 2004. Pursuant to the parties' stipulation, the Court ordered the case remanded on November 9, 2004. On March 24, 2005, the Court ordered payment of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $2,400.00.

1

An ALJ subsequently issued a favorable decision and awarded Plaintiff $49,553.00 in past-due Title II benefits. The Commissioner withheld 25 percent of the past-due benefits award, in the amount of $12,388.25, for payment of attorney's fees.[1]

By this motion, Counsel seeks $6,475.00 for 18.5 hours of work before this Court. After crediting $2,400.00 received previously pursuant to the EAJA, Counsel requests a net fee of $4,075.00 from the past-due award.

**DISCUSSION**

42 U.S.C. § 406(b)(1)(A) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), the Supreme Court explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that contingency fee agreements between claimants and their attorneys will "yield reasonable results in particular cases." Agreements are not enforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Id.* "Within the 25 percent boundary. . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. *Id.* Ultimately, an award of section 406(b) fees is offset by an award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

Here, Counsel and Plaintiff agreed upon a contingent fee of 25 percent of past-due benefits. See Petition, at 4. Counsel's request of $6,475.00, when added to the $4,000.00 already received for work before the SSA, does not exceed the statutory limit. 42 U.S.C.§ 406(b)(1)(A).

---

[1] Counsel has received $4,000.00 of the amount withheld for work before the Social Security Administration ("SSA").

1    Counsel's fee request of $6,475.00 for 18.5 hours of work translates into an hourly rate of
2 $350.00.  Counsel concedes that the $2,400.00 received previously should be credited to
3 Plaintiff, which amounts to a net award of $4,075.00.  Using the net award, this translates to an
4 hourly rate of $220.27 per hour.  The Court finds this to be a reasonable rate in recognition of the
5 contingent nature of this case and Counsel's assumption of the risk of going uncompensated.
6 *Hearn v. Barnhart*, 262 F.Supp.1033, 1037 (N.D. Cal. 2003).  Therefore, the Court recommends
7 an award of attorney's fees in the amount of $4,075.00.  Adding the $2,400.00 previously
8 awarded, this totals $6,475.00.

## RECOMMENDATION

10    Based on the foregoing, the Court recommends that the petition be GRANTED and
11 recommends an award in the amount of $6,475.00, less $2,400.00 awarded for EAJA fees, for a
12 net award of $4,075.00.
13    These findings and recommendations will be submitted to the Honorable Oliver W.
14 Wanger, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fifteen (15) days after
15 being served with these findings and recommendations, the parties may file written objections
16 with the court.  The document should be captioned "Objections to Magistrate Judge's Findings
17 and Recommendations."  The parties are advised that failure to file objections within the
18 specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951
19 F.2d 1153 (9th Cir. 1991).

21    IT IS SO ORDERED.
22    **Dated:   December 4, 2007**            **/s/ Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE